Lawrence H. Meuers (SBN 197663)
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL 34109-5932
Telephone: 239.513.9191
Facsimile: 239.513.9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PARTNER'S PRODUCE, INC.**, an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**AJINOMOTO WINDSOR, INC.**, an Oregon corporation,<br><br>Defendant. | Case No:<br><br>CIVIL COMPLAINT<br><br>Count I — Breach of Contract: P.O. #4225<br><br>Count II — Breach of Contract: P.O. #4274<br><br>Count III — Breach of Contract: P.O. #5544<br><br>Count IV — Breach of Contract: P.O. # 5651<br><br>Count V — Breach of Contract: The 2017 Shipments<br><br>Count VI — Declaratory Relief Validating PACA Trust Claim<br><br>Count VII — Enforcement of Payment from PACA Trust Assets<br><br>Count VIII — Failure to Pay Promptly |

CIVIL COMPLAINT                                                                                   PAGE 1

For its Complaint, Plaintiff states:

## THE PARTIES

1. Plaintiff is Partner's Produce, Inc. ("Plaintiff" or "Partner's Produce"), an Idaho corporation with its principal place of business located at 2150 NE 21st Street, Payette, ID 83661.

2. Partner's Produce is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities, more commonly referred to in the industry as "produce," in interstate commerce.

3. Defendant is Ajinomoto Windsor, Inc. ("Defendant" or "Windsor"), an Oregon corporation authorized to transact business in the State of California, with its principal place of business located at 4200 Concours Street, Suite #100, Ontario, CA 91764.

4. Upon information, Windsor is a manufacturer of Asian and other ethnic foods and appetizers.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, because Partner's Produce's claims arise under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

6. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332. Plaintiff, an Idaho corporation, and Defendant, an Oregon corporation, are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This Court has supplemental jurisdiction over all other claims alleged by Partner's Produce under 28 U.S.C. §1367(a).

## VENUE

8. Venue in this district is proper under 28 U.S.C. §1391(b)(1). Defendant is an Oregon corporation with its principal place of business located in this judicial district and therefore, is deemed to reside in this district under 28 U.S.C. §1391(d).

## CLAIMS FOR RELIEF

## COUNT I

## BREACH OF CONTRACT:  P.O. #4225

9. Partner's Produce re-alleges ¶¶1 through 7.

10. On September 24, 2015, Windsor sent Purchase Order #4225 to Partner's Produce for a specified quantity of whole peeled raw onions at an agreed price of $.29 per pound ("P.O. #4225"). On October 30, 2015, the Purchase Order was amended to an increased quantity of 5,400,000 lbs.

11. The total contract price for 5,400,000 lbs. of whole peeled raw onions under amended P.O. #4225 was $1,566,000.00. See, **Exhibit A**, P.O. #4225.

12. Partner's Produce fully performed all conditions precedent to the agreed P.O. #4225.

13. Windsor breached P.O. #4225 by failing to take delivery of 821,250 lbs. of whole peeled raw onions at the agreed price of $.29 per pound, for a total contractual amount of $238,162.50.

CIVIL COMPLAINT                                                                                       PAGE 3

14. As a result of Windsor's breach of P.O. #4225, Partner's Produce incurred damages in the amount of $238,162.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

15. Accordingly, Partner's Produce seeks entry of a judgment in its favor and against Windsor for its breach of P.O. #4225 in the amount of $238,162.50, plus interest from the date of the purchase order, costs, and attorneys' fees.

## COUNT II

## BREACH OF CONTRACT: P.O. #4274

16. Partner's Produce re-alleges ¶¶1 through 7.

17. On October 7, 2015, Windsor sent Purchase Order #4274 to Partner's Produce for specified quantities of frozen diced onions and onion strips at agreed prices of $.31 per pound ("P.O. #4274"). On October 30, 2015, the Purchase Order was amended to increase the quantities of frozen diced onions to 2,750,000 lbs. and onion strips to 250,000 lbs..

18. The contract price for 2,750,000 lbs. of frozen diced onions and 250,000 lbs. of onions strips under amended P.O. #4274 was $930,000.00. See, **Exhibit B**, P.O. #4274.

19. Partner's Produce fully performed all conditions precedent to the agreed P.O. #4274.

20. Windsor breached P.O. #4274 by failing to take delivery of 429,170 lbs. of frozen diced onions at the agreed price of $.31 per pound, for a total contractual amount of $133,042.70.

21. As a result of Windsor's breach of P.O. #4274, Partner's Produce incurred damages in the amount of $133,042.70, plus interest from the date each invoice became past due, costs, and attorneys' fees.

22. Accordingly, Partner's Produce seeks entry of a judgment in its favor and against Windsor for its breach of P.O. #4274 in the amount of $133,042.70, plus interest from the date of the purchase order, costs, and attorneys' fees.

## COUNT III

## BREACH OF CONTRACT:  P.O. #5544

23. Partner's Produce re-alleges ¶¶1 through 7.

24. On September 15, 2016, Windsor sent Purchase Order #5544 to Partner's Produce for 5,800,000 lbs. of whole peeled raw onions at an agreed price of $.35 per pound ("P.O. #5544").

25. The total contract price for 5,800,000 lbs. of whole peeled raw onions under P.O. #5544 was $2,030,000.00.  See, **Exhibit C**, P.O. #5544.

26. Partner's Produce fully performed all conditions precedent to the agreed P.O. #5544.

27. Windsor breached P.O. #5544 by failing to take delivery of 2,747,500 lbs. of whole peeled raw onions at the agreed price of $.35 per pound, for a total contractual amount of $961,625.00.

28. As a result of Windsor's breach of P.O. #5544, Partner's Produce incurred damages in the amount of $961,625.00, plus interest from the date of the purchase order, costs, and attorneys' fees.

29. Accordingly, Partner's Produce seeks entry of a judgment in its favor and against Windsor for its breach of P.O. #5544 in the amount of $961,625.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV

## BREACH OF CONTRACT:  P.O. #5651

30. Partner's Produce re-alleges ¶¶1 through 7.

31. On October 6, 2016, Windsor sent Purchase Order #5651 to Partner's Produce for 2,750,000 lbs. of diced onions and 250,000 lbs. of onion strips at agreed prices of $.36 per pound ("P.O. #5651").

32. The contract price for 2,750,000 lbs. of frozen diced onions and 250,000 lbs. of onions strips under P.O. #5651 was $1,080,000.00.  See, **Exhibit D**, P.O. #5651.

33. Partner's Produce fully performed all conditions precedent to the agreed P.O. #5651.

34. Windsor breached P.O. #5651 by failing to take delivery of 1,290,920 lbs. of diced onions at the agreed price of $.36 per pound, for a total contractual amount of $464,731.20.

35. As a result of Windsor's breach of P.O. #5651, Partner's Produce incurred damages in the amount of $464,731.20, plus interest from the date each invoice became past due, costs, and attorneys' fees.

36. Accordingly, Partner's Produce seeks entry of a judgment in its favor and against Windsor for its breach of P.O. #5651 in the amount of $464,731.20, plus interest from the date of the purchase order, costs, and attorneys' fees.

## COUNT V

## THE 2017 SHIPMENTS

37. Partner's Produce re-alleges ¶¶1 through 7.

38. Between the dates of February 13, 2017, and July 15, 2017, Partner's Produce shipped 24 shipments of whole peeled raw onions and frozen diced onions to Windsor in interstate commerce under P.O. ##5544 and 5651 (the "2017 Shipments").

39. Windsor accepted the 2017 Shipments from Partner's Produce without objections.

40. Partner's Produce fully performed all conditions precedent to the 2017 Shipments.

41. Partner's Produce issued and forwarded invoices to Windsor reflecting the agreed upon quantities and aggregate price of $407,556.30 for the 2017 Shipments, all of which remains unpaid, undisputed, and past due. See, **Exhibit E.**

42. The invoices for the 2017 Shipments included additional terms and conditions for payment of interest at the rate of 18% per annum on all past due balances, and reimbursement of Partner's Produce's attorneys' fees and costs for collection of the amount due and owing from Windsor. See, **Exhibit E.**

43. Windsor has never denied receiving the invoices for the 2017 Shipments.

44. Windsor has neither contested the amounts of the invoices, nor the aggregated price of $407,556.30 for the 2017 Shipments.

45. Windsor has never contested the additional terms and conditions stated on the invoices for payment of interest at the rate of 18% per annum on all past due balances, and reimbursement of Partner's Produce's attorneys' fees and costs for collection.

46. Windsor breached its contractual obligation to pay Partner's Produce for the 2017 Shipments of whole raw onions and frozen diced onions.

47. As a result of Windsor's breach, Partner's Produce incurred damages in the amount of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

48. Accordingly, Partner's Produce seeks entry of a judgment in its favor and against Windsor in the amount of $407,556.30 for the 2017 Shipments of whole raw onions and frozen diced onions, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VI

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. § §499e(c)

49. Partner's Produce re-alleges ¶¶1 through 7 and ¶¶35 through 46.

50. Partner's Produce shipped the 2017 Shipments to Windsor in interstate commerce between the dates of February 13, 2017, and July 15, 2017, for which Windsor agreed to pay Partner's Produce the aggregate amount of $407,556.30.

51. At all times relevant to the 2017 Shipments, Windsor was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number

20160285 issued by the United States Department of Agriculture ("USDA"). See, **Exhibit F.**

52. At all times relevant to the 2017 Shipments, Partner's Produce was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and also held a valid PACA license—number 19981164—issued by the USDA. See, **Exhibit G.**

53. At the time Windsor received and accepted the 2017 Shipments, it became a statutory trustee of the PACA trust in the amount of $407,556.30 for Partner's Produce's benefit. See, 7 U.S.C. §499e(c).

54. In accord with 7 U.S.C. §499e(c)(4), Partner's Produce preserved its rights as a PACA trust beneficiary of Windsor by including the required statutory language on the face of each invoice, and by timely sending the invoices to Windsor.

55. Windsor failed to pay Partner's Produce the sum of $407,556.30 for the 2017 Shipments, all of which is undisputed and past due.

56. By preserving its statutory trust rights under PACA, Partner's Produce, is a valid PACA trust beneficiary of Windsor in the amount of $407,556.30, and is entitled to payment from all of Windsor's assets that are subject to the PACA trust.

57. Accordingly, Partner's Produce seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $407,556.30 against Windsor, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VII

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### *7 U.S.C. §§499e(c)*

58. Partner's Produce re-alleges ¶¶1 through 7, ¶¶35 through 55.

59. The *res* of the PACA trust includes Windsor's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled, purchased, or otherwise acquired with the proceeds. Assets subject to the PACA trust are collectively referred to as "PACA Trust Assets."

60. Windsor is in possession, custody, and control of PACA Trust Assets that must be held for Partner's Produce's benefit.

61. Windsor has failed to use the PACA Trust Assets to pay Partner's Produce for the 2017 Shipments of whole raw onions and frozen diced onions.

62. As a result of Windsor's failure to pay Partner's Produce from the PACA Trust Assets, Partner's Produce has suffered damages in the amount of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

63. Accordingly, Partner's Produce seeks an Order directing Windsor to immediately pay to Partner's Produce, as a PACA trust beneficiary, PACA Trust Assets equal to the sum of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VIII

### FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

64. Partner's Produce re-alleges ¶¶1 through 7, ¶¶35 through 61.

65. Windsor purchased and received the 2017 Shipments of whole raw onions and frozen diced onions.

66. Under PACA and the Federal Regulations, Windsor must tender full payment promptly to its produce sellers and suppliers. 7 U.S.C. §499b(4); 7 C.F.R. §46.2(aa).

67. Failure to make full payment promptly to a produce seller or supplier is unlawful. 7 U.S.C. §499b(4).

68. Windsor failed to pay for the 2017 Shipments of whole raw onions and frozen diced onions supplied by Partner's Produce within the payment terms.

69. Partner's Produce incurred damages in the amount of $407,556.30 resulting from Windsor's failure to pay for the 2017 Shipments of whole raw onions and frozen diced onions promptly, plus interest from the date each invoice became past due, costs, and attorneys' fees.

70. Accordingly, Partner's Produce seeks an Order directing Windsor to immediately pay Partner's Produce the sum of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

**FOR THESE REASONS,** Partner's Produce requests:

A. On Count I, entry of Final Judgment in Partner's Produce's favor and against Windsor for its breach of P.O. #4225 in the amount of $238,162.50, plus interest from the date of the purchase order, costs, and attorneys' fees;

B. On Count II, entry of Final Judgment in Partner's Produce's favor and against Windsor for its breach of P.O. #4274 in the amount of $133,042.70, plus interest from the date each of the purchase order, costs, and attorneys' fees;

C. On Count III, entry of Final Judgment in Partner's Produce's favor and against Windsor for its breach of P.O. #5544 in the amount of $961,625.00, plus interest from the date each of the purchase order, costs, and attorneys' fees;

D. On Count IV, entry of Final Judgment in Partner's Produce's favor and against Windsor for its breach of P.O. #5651 in the amount of $464,731.20, plus interest from the date each of the purchase order, costs, and attorneys' fees;

E. On Count V, entry of Final Judgment in Partner's Produce's favor and against Windsor for its breach of the 2017 Shipments in the amount of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F. On Count VI, an Order declaring that Partner's Produce holds a valid PACA trust claim for the 2017 Shipments in the amount of $407,556.30 against Windsor, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

G. On Count VII, an Order directing Windsor to immediately pay to Partner's Produce PACA Trust Assets for the 2017 Shipments equal to the sum of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

H. On Count VIII, an Order directing Windsor to immediately pay Partner's Produce for the 2017 Shipments the sum of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

I. On Counts VI through VIII, entry of Final Judgment in favor of Partner's Produce and against Windsor in the amount of $407,556.30, plus interest from the date each invoice became past due, costs, and attorneys' fees; and

J. Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Monday, February 12, 2018.

**MEUERS LAW FIRM, P.L.**

/s/Lawrence H. Meuers
Lawrence H. Meuers